77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie J. TAYLOR, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-5328.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: KEITH, COLE and SILER, Circuit Judges.
 
 ORDER
 
 1
 Jessie J. Taylor appeals a district court order affirming the decision of the Secretary of Health and Human Services denying Taylor's applications for social security disability and supplemental security income (SSI) benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taylor filed applications with the Secretary seeking disability and SSI benefits, alleging he suffered from neck, back and upper arm pain. Following a hearing, the Administrative Law Judge (ALJ) determined that Taylor was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council affirmed the ALJ's determination. Taylor then filed a complaint seeking judicial review of the Secretary's decision. Over Taylor's objections, the district court adopted the magistrate judge's report and recommendation, concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Taylor has filed a timely appeal, in which he argues that: (1) he does not have the residual functional capacity to perform a limited range of light work; (2) he suffers from disabling pain; and (3) the ALJ posed an inaccurate hypothetical to the vocational expert (VE).
 
 
 3
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Substantial evidence supports the ALJ's conclusion that Taylor was capable of performing a limited range of light work. See 20 C.F.R. § 404.1567(b). Taylor has not shown that he suffers from disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Lastly, the ALJ's hypothetical question posed to the VE properly reflected Taylor's medical condition. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987).
 
 
 4
 Accordingly, we affirm the district court's judgment.